# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW A. COTHRAN, | § § § | |
| *Plaintiff,* | § § | Civil Action No. SA-18-CV-1085-XR |
| v. | § § | |
| PENNYMAC LOAN SERVICES, LLC, | § § | |
| *Defendant.* | § § § | |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendant's Motion to Dismiss (docket no. 3). Plaintiff did not respond. Even though unopposed, the Court will analyze the motion, the complaint, and the applicable law to determine whether dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6). After careful consideration, Defendant's Motion is GRANTED WITH LEAVE TO AMEND.

## BACKGROUND

On or about June 15, 2015, Plaintiff Matthew Cothran purchased his property at 210 Beryl Dr., San Antonio, Texas, with a loan evidenced by a promissory note. This note was secured by the property through a deed of trust held by Defendant Pennymac Loan Services, LLC. Docket no. 3 at 1. This real property is described as:

> Lot 27, Block 34, New City Block 9756 PALMCREST ADDITION UNIT II, City of San Antonio, Bexar County, Texas, as shown by the map or plat thereof recorded in Volume 3025, Page(s) 337, Deed and Plat Records, Bexar County, Texas.

Docket no. 1-1 at 9-10. Plaintiff is apparently in default on this loan, a fact he does not dispute, and Defendant scheduled a foreclosure sale of this property for October 2, 2018.

Plaintiff filed his Original Petition, Request for Restraining Order, and Application for Injunction in the 407th Judicial District Court for Bexar County, Texas, on October 1, 2018. Docket no. 1-1 at 9. The state court granted a temporary restraining order on the same day, preventing Defendant's scheduled October 2 foreclosure on Plaintiff's property. *Id.* at 4. Defendant removed to this Court on October 15. Docket no. 1.

Plaintiff's petition alleges that Defendant breached "its contractual agreement with Plaintiff" by "erroneously maintain[ing] its record of payment," incorrectly stating the amount in arrears, and not sending "accurate information" that "would enable Plaintiff to reconcile the discrepancies between the records of Plaintiff and those of the Defendant." Docket no. 1-1 at 10. On October 16, 2018, Defendant filed the Motion to Dismiss now before the Court, arguing that Plaintiff's complaint should be dismissed for failure to adequately allege a breach of contract. Docket no. 3.

**DISCUSSION**

**I. Legal Standard**

To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Application

Defendant argues that Plaintiff's breach-of-contract allegations do not satisfy the elements of breach (because the complaint does not identify any provision that was allegedly breached and does not allege any facts as to breach) or damages (because the complaint does not identify any damages actionable under Texas law). Under Texas law, a breach-of-contract claim requires: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) that the defendant breached the contract; and (4) damages sustained by the plaintiff as a result of the breach. *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

For the Court to conclude that Plaintiff's allegations are insufficient, it is enough to consider the element of breach. As Defendant correctly notes, "a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached," *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014), and once that specific provision is identified, plaintiff must state how it was breached by alleging enough facts to state a plausible breach-of-contract claim, *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015). Here, Plaintiff alleges that Defendant breached a contract by erroneously maintaining records, stating an incorrect amount in arrears, and not providing Plaintiff enough accurate information. Docket no. 1-1 at 10. Beyond these conclusory allegations, however, Plaintiff alleges nothing about the terms of the contract or how these terms were breached. Plaintiff's allegations lack any factual support. Further, as Defendant argues, Plaintiff's allegations as to damages are similarly bare. Because Plaintiff has not adequately pled all necessary elements, his claim for breach of contract fails.

Plaintiff also seeks an accounting. Docket no. 1-1 at 10 ("Defendant should account for the totals it alleges to be owed."). A court has discretion whether to grant an equitable accounting, and one "is proper when the facts and accounts in issue are so complex that adequate relief cannot be obtained at law." *Emeribe v. Wells Fargo Bank, N.A.*, 2013 WL 140617, at *4 (S.D. Tex. Jan. 10, 2013) (quoting *Brown v. Coolev Enterprises, Inc.*, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011) (citations omitted)). Here, Plaintiff has not shown that the facts at issue are complex or otherwise explained the need for an accounting, so the Court declines to order one.

Finally, Plaintiff seeks declaratory and injunctive relief. Docket no. 1-1 at 11. First, "[u]nder Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Second, a request for declaratory judgment is "merely a theory of recovery" for a cause of action and fails if all substantive claims fail. *Kingman Holdings, L.L.C. v. Everbank*, No. 5:13-CV-1127-DAE, 2014 WL 1491257, at *5 (W.D. Tex. Apr. 14, 2014) (citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996) and *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 746, 769 (N.D. Tex. 2012)). Neither is appropriate here, as Plaintiff's only substantive claim—for breach of contract—fails.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (docket no. 3) is GRANTED WITH LEAVE TO AMEND. Should Plaintiff wish to pursue his claims, he is ORDERED to file an amended complaint by January 28, 2019. If Plaintiff does not file an amended complaint by this date, his claims will be dismissed without prejudice. This case is to remain open pending Plaintiff's filing of an amended complaint.

It is so ORDERED.

SIGNED this 7th day of January, 2019.

                                          XAVIER RODRIGUEZ
                                        UNITED STATES DISTRICT JUDGE